NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 22, 2023[*]
Decided July 5, 2023

**Before**

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

DORIS L. PRYOR, *Circuit Judge*

No. 22-2271

| | |
|---|---|
| DEAN S. SENECA, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| v. | No. 21-cv-304-wmc |
| GREAT LAKES INTER-TRIBAL COUNCIL, INC., *Defendant-Appellee*. | William M. Conley, *Judge*. |

**O R D E R**

Dean Seneca sued the Great Lakes Inter-Tribal Council, a non-profit consortium of Indian tribes, alleging employment discrimination. The district court dismissed the case. It correctly ruled that, like its constituent member tribes, the Council enjoys tribal sovereign immunity from suit. We therefore affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

We begin with two procedural observations. First, we take Seneca's factual allegations as true and draw all reasonable inferences in his favor. *Aluminum Trailer Co. v. Westchester Fire Ins. Co.*, 24 F.4th 1134, 1136 (7th Cir. 2022). Second, as the district court did, we also rely on uncontested information about the structure and function of the Council set forth in one of the declarations supporting the Council's motion to dismiss. By relying on materials outside of the complaint, the district court converted the motion to dismiss into one for summary judgment. *See* FED. R. CIV. P. 12(d). Doing so normally requires notice to each party of that conversion and a chance to present relevant materials. *United States v. Rogers Cartage Co.*, 794 F.3d 854, 861 (7th Cir. 2015). But on appeal Seneca does not argue that he would have submitted materials to contest the Council's structure or function; thus this deviation from Rule 12(d) is irrelevant. *See id.*

The Council is a non-profit composite of its member Indian tribes, which are federally recognized and own and control it. It offers government services related to community development; assistance for families, the elderly, people with disabilities, and children; oversight of health and epidemiology; and vocational training. It does not generate its own revenue and instead relies on dues from member tribes and federal, state, and private grants. The Council employed Seneca as director of epidemiology for under a year, discharging him in 2018. Seneca alleges that the Council fired him because of his race, color, national origin, age, sex, gender identity, and sexual orientation in violation of federal law, including Title VII of the Civil Rights Act of 1964.

The Council successfully moved to dismiss his suit. It sought dismissal based on tribal sovereign immunity and its view that the federal statutes Seneca invoked exclude claims against Indian tribes. The district court accepted this first argument and did not reach the second, reasoning that the Council, as a consortium of its members, enjoys tribal sovereign immunity. Noting that tribal sovereign immunity is not a jurisdictional defense, it ruled that Seneca failed to state a claim. *See Meyers v. Oneida Tribe of Indians of Wis.*, 836 F.3d 818, 820 (7th Cir. 2016).

On appeal, Seneca asserts that the court erred for three reasons. First, it applied the wrong test when deciding that the Council enjoys sovereign immunity. Second, the Council had waived sovereign immunity. Third, shielding the Council with sovereign immunity violates his due process rights.

We review de novo dismissals based on the doctrine of tribal sovereign immunity. *See Meyers*, 836 F.3d at 820 (citing *Miller v. Herman*, 600 F.3d 726, 732–33 (7th Cir. 2010)); *Aluminum Trailer Co.*, 24 F.4th at 1136. This doctrine is over two

centuries old, *see, e.g.*, *Parks v. Ross*, 52 U.S. (11 How.) 362 (1851), and the Supreme Court has consistently affirmed it, *see, e.g.*, *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782 (2014). Under the doctrine, "[s]uits against Indian tribes are … barred … absent a clear waiver by the tribe or congressional abrogation." *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991). It is undisputed that each member of the Council enjoys tribal immunity from suit. It is also undisputed that the Council is a combination of its member tribes, which own and operate the Council's not-for-profit services. Thus, the tribal immunity of its members extends to the Council.

On appeal, Seneca contests this conclusion about immunity. First, he urges us to adopt the test in *McNally CPA's & Consultants, S.C. v. DJ Hosts, Inc.*, 692 N.W.2d 247, 251–52 (Wis. Ct. App. 2004). There, the court determined that a for-profit corporation did not enjoy tribal sovereign immunity after a tribe bought all of its shares. *Id.* at 250. We have not adopted *McNally*'s test, but it would not help Seneca even if we had. As *McNally* held, its ruling was "narrow" and confined to cases where, unlike here, a tribe buys all the shares of "an existing for-profit corporation." *Id.* at 253. Seneca also argues that the Council is not entitled to immunity under other tests involving corporate ownership. *E.g.*, *J.L. Ward Assocs. v. Great Plains Tribal Chairmen's Health Bd.*, 842 F. Supp. 2d 1163 (D.S.D. 2012); *Runyon ex rel. B.R. v. Ass'n of Vill. Council Presidents*, 84 P.3d 437 (Alaska 2004); *Cash Advance & Preferred Cash Loans v. State ex rel. Suthers*, 242 P.3d 1099 (Colo. 2010). But these tests do not cut in favor of Seneca either: the Council is a non-profit combination of its member Indian tribes, organized to provide government-like services to members of its community and their families, children, people with disabilities, and the elderly. Put simply, it is an arm of the tribes and therefore entitled to tribal sovereign immunity. *See Mestek v. Lac Courte Oreilles Cmty. Health Ctr.*, __ F.4th __, No. 22-2077, 2023 WL 4240807, at *3 (7th Cir. June 29, 2023) (adopting the arm-of-the-tribe test).

Seneca's next argument—that the Council waived its sovereign immunity—also fails. First, he argues that the Council waived its immunity by agreeing to abide by Title VI of the Civil Rights Act of 1964 when it accepted federal funds. Title VI allows for judicial review of claims of discriminatory exclusion from federally funded programs. *See* 42 U.S.C. § 2000d-2. Even if the Council's receipt of federal funds waived its sovereign immunity under Title VI (a question we do not decide), that would not help Seneca. He asserts employment discrimination under Title VII and similar employment-protection laws, not Title VI. As the Supreme Court has explained, "it was unnecessary to extend Title VI more generally to ban employment discrimination, as Title VII comprehensively regulates such discrimination." *Consol. Rail Corp. v. Darrone*, 465 U.S.

624, 632 n.13 (1984). And Seneca does not cite any provisions in the laws he sued under that purport to waive sovereign immunity based on a receipt of federal funds.

Seneca also argues that the Council waived sovereign immunity through its job postings. The postings stated that the Council is an equal opportunity employer and will "comply fully with all federal and state laws." This is not the required "clear waiver by the tribe" of immunity from suit. *Okla. Tax Comm'n*, 498 U.S. at 509. The job postings do not mention sovereign immunity, forums available for litigation, amenability to suit, or anything else that clearly waived the Council's immunity. *See, e.g.*, *Nanomantube v. Kickapoo Tribe*, 631 F.3d 1150, 1152–53 (10th Cir. 2011).

Finally, Seneca argues that, unless we deem the Council to have waived its tribal sovereign immunity, he will have no forum to litigate the merits of his discrimination claims, which is an outcome that he asserts would violate his right to due process under the Fifth and Fourteenth Amendments. But neither the Fifth Amendment nor the Fourteenth Amendment applies to Indian tribes. *Talton v. Mayes*, 163 U.S. 376, 384 (1896); *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56 (1978). Seneca responds by citing Public Law 280, which grants certain states criminal jurisdiction over persons in "Indian country" and opens some states' courts to civil claims arising there. 18 U.S.C. § 1162; 25 U.S.C. §§ 1321–26; 28 U.S.C. § 1360. But the Supreme Court has rejected Seneca's assumption that this law overcomes tribal sovereign immunity. *Three Affiliated Tribes of the Fort Berthold Rsrv. v. Wold Eng'g*, 476 U.S. 877, 892 (1986).

We have considered Seneca's remaining arguments, and none has merit.

AFFIRMED